UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OLIVER LOUIS & SHANTEL WILSON,

                    Plaintiffs.

          - against -

THE CITY OF NEW YORK, POLICE OFFICER
SHERPA TSHERING, SHIELD # 12950,
JOHN/JANE DOE POLICE OFFICERS # 1-10,
FRANK E. SPAULDINGBEY & MACCABEE 1
REALTY,

                  Defendants.
------------------------------------------------------------------------X

**CIVIL COMPLAINT**

Case Number: 22-cv-7690

*JURY TRIAL DEMANDED*

      Plaintiffs Oliver Louis and Shantel Wilson, by their attorneys, Law Office of Caner Demirayak, Esq., P.C., complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

      1.     Plaintiffs bring this civil rights action seeking relief for the violation of plaintiffs' rights secured by 42 USC 1983, 1985, and 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and for violations of plaintiff's federally protected procedural and substantive Due Process rights. Plaintiff's claims arise from an incident that arose on or about May 1, 2022. During the incidents, the defendants, members of the New York City Police Department and employees of the City of New York subjected plaintiffs to, among other things, false arrest, false imprisonment, malicious prosecution, deprivation of property rights and violations of plaintiff's rights against illegal searches and seizures. This claim also arises from civilian defendant Frank E. Spauldingbey's assault and battery of plaintiffs on May 1, 2022, and involvement in the false arrest and malicious prosecution of the plaintiffs, while in the course of his employment for plaintiffs' rental property manager, Maccabee 1 Realty. Plaintiffs seeks compensatory and punitive damages from the individual defendants, compensatory damages from

1

the municipal, governmental and agency defendants, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## Jurisdiction

2. This action is brought pursuant to 42 U.S.C. 1983, 1985 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. As such jurisdiction of this Court is founded upon 28 U.S.C. 1331, 1343 and 1367.

4. Plaintiffs exhausted all administrative remedies prior to commencement of this action and timely filed a Notices of Claim upon the Comptroller's Office prior to commencement.

5. Plaintiffs appeared for and completed their 50-h statutory hearings prior to commencement.

6. This action was timely commenced within three (3) years of May 1, 2022 (the date of dismissal of all charges and when the statute of limitations on all claims herein began to accrue), for the federal claims and within one (1) year and ninety (90) days thereof for the state and city claims.

## Venue

7. Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. 1391(b), as such district in the district in which the claims herein arose.

## Parties

8. Plaintiff, Oliver Louis is an African-American male who is a resident of the County of Kings, City and State of New York.

9. Plaintiff, Shantel Wilson is an African-American female who is a resident of the County of Kings, City and State of New York.

10. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the municipal corporation, THE CITY OF NEW YORK. Such defendant, through its various agents and employees violated plaintiff's rights as described herein.

11. At all times hereinafter mentioned, the individually named defendants, POLICE OFFICER SHERPA TSHERING, SHIELD # 12950, JOHN/JANE DOE POLICE OFFICERS # 1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. Such defendants violated plaintiffs' rights as described herein.

12. At all times hereinafter mentioned the defendants, either personally or through their employees were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

14. Defendant Frank E Spauldingbey is a resident of County of Queens, City and State of New York.

15. Defendant Spauldingbey was employed by or otherwise an agent of defendant Maccabee 1 Realty.

16. Defendant Spauldingbey committed an assault and battery on plaintiffs and then falsely reported to the police that such plaintiffs had assaulted him. It was obvious to the arresting officers that plaintiffs were innocent and there was no basis to detain them.

17.

**Statement of Facts**

18. On May 1, 2022, at approximately 9:45 a.m., the plaintiffs called 9-1-1 to report an assault and battery committed against them by defendant Spauldingbey in the hallway/staircase directly abutting plaintiffs' residence of 1605 Bergen Street, Basement Unit, Brooklyn, New York 11213.

19. However, when the officers arrived, they placed plaintiffs under arrest despite the lack of any basis to believe they committed any crimes. There was no basis to justify any arrest or search of the plaintiffs.

20. The police were confronted with two plaintiffs who had visible signs of being assaulted by another, without any indication to believe they had assaulted Spauldingbey. The police ignored the clear evidence of a lack of probable cause or arguable probable cause when detaining the plaintiffs.

21. In fact other witnesses present at the time tried to explain to the police that the plaintiffs were innocent victims of an assault by Spauldingbey.

22. On May 1, 2022, when the defendants stopped, arrested and searched plaintiff they lacked any probable cause.

23. On May 1, 2022, when the defendants stopped, arrested and searched plaintiffs they lacked any arguable probable cause.

24. On May 1, 2022, the defendants used excessively violent force to arrest plaintiffs despite the lack of any resistance.

25. Plaintiff Oliver Louis was detained, placed in hand cuffs and made to sit in a jail cell at the precinct until at least 5:00 p.m. on May 1, 2022, despite the unlawful and illegal nature of his arrest and confinement.

26. Plaintiff Oliver Louis was issued a desk appearance ticket by arresting officer Sherpa Tshering, despite the lack of any cause for the issuance of such ticket.

27. Plaintiff Oliver Louis was ultimately not arraigned on the desk appearance ticket and all charges were dismissed.

28. Plaintiff Shantel Wilson was detained, placed in hand cuffs and made to sit in a jail cell at the precinct for at least one hour, despite the unlawful and illegal nature of her arrest and confinement.

29. Plaintiff Shantel Wilson was not charged with any crimes and released.

30. Plaintiff Oliver Louis was caused to be detained for approximately 7 hours until he was issued a desk appearance ticket due to the illegal nature of his arrest and confinement.

31. Plaintiff Oliver Louis was then forced to defend the baseless charges incur expenses and appear in court numerous times over a three (3) month period.

32. Plaintiff Oliver Louis lost his job and has been denied numerous job applications due to the initiation of these baseless charges.

33. Plaintiff Shantel Wilson was caused to incur thousands of dollars of medical expenses as a result of not being able to immediately treat the wounds she sustained in the assault by being detained unlawfully.

34. Plaintiffs have suffered loss of their liberty, mental anguish, emotional distress, shame, humiliation, indignity, loss of employment, economic losses, loss of future employment prospects, medical expenses and damage to their reputation as a result of the unlawful conduct.

## AS AND FOR A FIRST CAUSE OF ACTION
### False Arrest/Unlawful Imprisonment under 42 USC 1983

35. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 34 with the same force and effect as if fully set forth herein.

36. Defendants arrested and/or created a custodial situation of plaintiffs Oliver Louis and Shantel Wilson without probable cause, causing them to be detained against their will for an extended period of time with no basis in law for such arrest, custody or detainment.

37. Defendants caused plaintiffs Oliver Louis and Shantel Wilson to be falsely arrested and unlawfully detained.

38. Defendants intended to confine plaintiffs and, in fact, confined plaintiffs and plaintiffs were conscious of the confinement.

39. Plaintiffs did not consent to the confinement and the confinement was not otherwise privileged.

40. As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson are each entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### Malicious Prosecution under 42 USC 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 40 with the same force and effect as if fully set forth herein.

42. Defendants initiated, commenced and continued malicious prosecutions against plaintiff Oliver Louis.

43. Defendants caused plaintiff Oliver Louis to be prosecuted without any probable cause until the charges were dismissed ninety days later.

44. As a result of the foregoing, plaintiff Oliver Louis is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
### Failure to Intervene under 42 USC 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 44 with the same force and effect as if fully set forth herein.

46. Defendants had an affirmative duty to intervene on behalf of plaintiffs Oliver Louis and Shantel Wilson, whose constitutional rights were being violated in their presence by other officers.

47. The defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson's liberty was restricted for an extended period of time, they were put in fear of their safety, they were subjected to handcuffing, and they were humiliated and compelled to appear in criminal court.

49. As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson are each entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Supervisory Liability under 42 USC 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 49 with the same force and effect as if fully set forth herein.

51. The supervisory defendants personally caused plaintiffs' constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

52. As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson are each entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Municipal Liability under 42 USC 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 52 with the same force and effect as if fully set forth herein.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that as the moving force behind the violation of plaintiffs Oliver Louis and Shantel Wilson's rights as described herein. In addition,

the New York City Police Department has failed to properly train its employees with regard to the proper issuance of summonses, and defendant City was aware that NYPD officers routinely issued baseless and facially insufficient summonses to individuals in response to summons quota's, depriving said individuals of their constitutional rights. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs Oliver Louis and Shantel Wilson.

57. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs Oliver Louis and Shantel Wilson as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs Oliver Louis and Shantel Wilson as alleged herein.

59. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs Oliver Louis and Shantel Wilson were unlawfully arrested and maliciously prosecuted.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs Oliver Louis and Shantel Wilson's constitutional rights.

61. All of the foregoing acts by defendants deprived plaintiffs Oliver Louis and Shantel Wilson of federally protected rights, including, but not limited to, the rights to be free from false arrest/unlawful imprisonment, to be free from the failure to intervene, to receive his right to fair trial, and to be free from malicious prosecution.

62. As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson are each entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN SIXTH CAUSE OF ACTION
## 42 USC 1983 Federal Civil Rights Violations

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 62 with the same force and effect as if fully set forth herein.

64. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

65. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America and ion violation of 42 USC 1983.

66.     The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as New York City Police Department officers. Said cats by the Defendants officers and agents were without authority of law, an abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by Article I, Section 12 of the New York Constitution and the United States Constitution.

67.     As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson are each entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### False Arrest/Unlawful Imprisonment Under New York State Common Law

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 67 with the same force and effect as if fully set forth herein.

69.     Defendants arrested and/or created a custodial situation of plaintiffs Oliver Louis and Shantel Wilson without probable cause, causing them to be detained against their will for an extended period of time with no basis in law for such arrest, custody or detainment.

70.     Defendants caused plaintiffs Oliver Louis and Shantel Wilson to be falsely arrested and unlawfully detained.

71.     Defendants intended to confine plaintiffs and, in fact, confined plaintiffs and plaintiffs were conscious of the confinement.

72. Plaintiffs did not consent to the confinement and the confinement was not otherwise privileged.

73. As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson are each entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Malicious Prosecution Under New York State Common Law

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 73 with the same force and effect as if fully set forth herein.

75. Defendants initiated, commenced and continued malicious prosecutions against plaintiff Oliver Louis.

76. Defendants caused plaintiff Oliver Louis to be prosecuted without any probable cause until the charges were dismissed on or about ninety days later.

77. As a result of the foregoing, plaintiff Oliver Louis is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### Negligent Hiring Retention and Training NYPD

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 77 with the same force and effect as if fully set forth herein.

79. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named defendants, individuals who were unfit for the performance of NYPD duties.

80. As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson are each entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### Negligence NYPD

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 80 with the same force and effect as if fully set forth herein.

82. Defendants owed a duty of care to plaintiffs.

83. Defendants breached that duty of care by subjecting plaintiffs to an illegal search and undue force and unprivileged deprivation of their liberty without sufficient or any cause to do so.

84. As a direct and proximate cause of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged. All of the foregoing occurred without any fault by plaintiffs.

85. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

86. As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson are each entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 86 with the same force and effect as if fully set forth herein.

88. By the actions described herein, the individually named police officer defendants, each acting individually and in concert with one another, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

89. As a result of the foregoing, plaintiffs were deprived of liberty and sustained great emotional injuries.

90. The City, as the employer of the defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

91. As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson are each entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED

THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### Assault and Battery

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 91 with the same force and effect as if fully set forth herein.

93. Defendants, Frank E. Spauldingbey and Maccabbe 1 Realty, personally or by their agents, servants, or employees intentionally, willfully, maliciously and without the consent of the plaintiffs Oliver Louis and Shantel Wilson, assaulted and battered plaintiffs Oliver Louis and Shantel Wilson.

94. As a result of all of the acts and things aforesaid plaintiffs were greatly humiliated and subjected to mental and bodily distress, which injurie, upon information and belief, are permanent in nature, all to the plaintiffs' damage.

95. Specifically, in the days leading up to the assault and battery on May 1, 2022, defendant Spauldingbey sent a series of threating text messages to the plaintiffs, warning or implying the possibility of violation.

96. Then, on May 1, 2022, defendant Spauldingbey struck plaintiff Oliver Louis about the face and body multiple times without warning, provocation or privilege.

97. Defendant Spauldingbey then struck plaintiff Shantel Louis about the body, and threw her against the wall and to the ground without warning, provocation or privilege.

98. The plaintiffs sustained numerous injuries requiring immediate hospitalization.

99. As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson are each entitled to compensatory damages in an amount to be fixed by a jury of an amount exceeding the jurisdictional limit of all lower courts which would otherwise have jurisdiction, and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
**Negligent Hiring Retention and Training Maccabee 1 Realty**

100. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 99 with the same force and effect as if fully set forth herein.

101. Maccabee 1 Realty and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named defendants, individuals who were unfit for the performance of property management duties.

102. As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson are each entitled to compensatory damages in an amount to be fixed by a jury of an amount exceeding the jurisdictional limit of all lower courts which would otherwise have jurisdiction, and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
**Negligence Maccabee 1 Realty**

103. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 102 with the same force and effect as if fully set forth herein.

104. Defendants owed a duty of care to plaintiffs.

105. Defendants breached that duty of care by subjecting plaintiffs to an assault and battery by their employee in the provision of property management services.

106. As a direct and proximate cause of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged. All of the foregoing occurred without any fault by plaintiffs.

107. Maccabee 1 Realty, as the employer of Spauldingbey, is responsible for his wrongdoing under the doctrine of respondeat superior.

108. As a result of the foregoing, plaintiffs Oliver Louis and Shantel Wilson are each entitled to compensatory damages in an amount to be fixed by a jury of an amount exceeding the jurisdictional limit of all lower courts which would otherwise have jurisdiction, and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

I. Compensatory damages in an amount to be determined by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000) to each plaintiff;

II. Punitive damages in an amount to be determined by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000) to each plaintiff;

III. Compensatory damages in an amount to be fixed by a jury of an amount exceeding the jurisdictional limit of all lower courts which would otherwise have jurisdiction on the Twelfth, Thirteenth and Fourteenth Causes of Action;

IV. Costs, interest and attorney's fees, pursuant to 42 USC 1988; and

V. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

THE LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
December 17, 2022

_____/s/_____
Caner Demirayak, Esq.

300 Cadman Plaza West
One Pierrepont Plaza, 12th Floor
Brooklyn, New York 11201
718-344-6048
caner@canerlawoffice.com