UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

OLIVIER LOUIS, SHANTEL WILSON, AND SHANTEL WILSON,

Plaintiffs.

- against -

THE CITY OF NEW YORK, JOHN AND JANE DOE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT 1-10, NAMES BEING FICTICIOUS, WHO ARRESTED CLAIMANT ON MAY 1, 2022, POLICE OFFICER SHERPA TSHERING, SHIELD # 12950, JOHN/JANE DOE POLICE OFFICERS # 1-10, FRANK E SPAULDINGBEY, AND MACCABEE 1 REALTY,

Defendants.
---------------------------------------------------------------------X

**DECLARATION IN SUPPORT OF MOTION FOR A DEFAULT JUDGMENT AND HEARING ON THE AMOUNT OF DAMAGES PURSUANT TO F.R.C.P. 55(b)(2)**

22-cv-7690-NCM-CLP

CANER DEMIRAYAK, hereby declares as follows:

1. I am the attorney for the plaintiffs, OLIVER LOUIS and SHANTEL WILSON in this action. I am fully familiar with the facts and circumstances of this action as per a review of the file maintained by my office and discussions with the plaintiffs.

2. This action was commenced on December 17, 2022 pursuant to 28 U.S.C. § 1983 for violations of plaintiffs' federally protected rights when they were falsely arrested, maliciously prosecuted and subject to a fabrication of evidence.

3. This action also includes claims that defendant Maccabee 1 Realty through its employee, agent or contractor Frank E. Spaudingbey, acting under color of law, provided false and fabricated information to the New York City Police Department to procure false arrests and

malicious prosecutions. The action further includes claims for common law assault, battery, negligence and infliction of emotional distress.

4. The NYPD failed to properly investigate this matter and falsely arrested the plaintiffs, maliciously prosecuted Louis and accepted the fabricated evidence provided to it by Spauldingbey at the behest of Maccabee.

5. The time for defendant Maccabee 1 Realty to answer or otherwise move with respect to the complaint has expired.

6. Defendant, Maccabee 1 Realty has not answered or otherwise moved with respect to the complaint, and the time for defendant Maccabee 1 Realty to answer or otherwise move has not been extended.

7. The defendant Maccabee 1 Realty's default has been noted by the Clerk of Court. A true and accurate copy of the Certificate of Default is attached hereto as **Exhibit 1.**

8. The defendant Maccabee 1 Realty is liable because it employed or otherwise conspired with Frank Spauldingbey to harm plaintiffs. The complaint is attached hereto as **Exhibit 2.** They further conspired with under color of law to make accusations against plaintiffs while at the same time admitting Spauldingbey was the aggressor to the police on body worn camera footage. Their actions resulted in the plaintiffs being arrested despite the lack of probable cause or arguable probable cause.

9. Mr. Louis's desk appearance ticket was dismissed a few weeks after the incident. Ms. Wilson's arrest was voided within an hour. The arresting officer admitted he lacked probable cause but tried to blame his sergeant. There is no question Spauldingbey did admit to the officers before arresting Louis and Wilson that Spauldingbey began the fight. At that very moment there

was no basis to arrest them. But the actions of Spauldingbey and Maccabee that day caused the police to arrest them anyway.

10. Plaintiff Louis "Had a hole in [his] mouth, and [his] right eye was…[full of] blood and puncture…[His] back and side was hurting a lot, but it was mostly [his] face [that was] really painful." Transcript of Plaintiff Oliver Louis at 33:16-21 attached as **Exhibit 3**. He was taken to the hospital after being shackled and received treatment including stitches. See *id* at 44:1-18. Mr. Louis still has burred vision and uncontrolled teary eyes from time to time as a result of the assault. *See id* at 56:23-57:11. Plaintiff also suffers from emotional injuries, in part because "You cant trust really the cops anymore. Like, they were supposed to be the one to help me. They were supposed to do a full investigation before they put anybody in handcuffs." *See id* at 58:4-7. Mr. Louis had numerous job application denials as a result of the false arrest and malicious prosecution.

11. Mr. Spauldingbey came into the plaintiffs' apartment building looking for a fight. He was standing at the top of the basement stairs "Screaming call the police," if you do not like my alleged tenant harassment. Transcript of Plaintiff Shantel Wilson at 21:18 attached as **Exhibit 4.** Plaintiff Louis then decided to walk up the stairs to go across the street to the police precinct and make a report of Mr. Spauldingbey's harassment. However, "Frank punched [Mr. Louis] in the face." *See* id at 21:24.

12. Plaintiff Wilson was "Push[ed]…down the stairs," by Mr. Spauldingbey…and she "fell back down the stairs where [she] hit [her[ head and...back on the wall." *See id* at 30:16, 31:3-4. Mr. Spauldingbey "hit [Ms. Louis] in [her] face." *See id* at 32:8. As a result Ms. Louis "Received a cut on [her] foot, a bruise on [her] face and [she] had back pain." *See id* at 37:8-10. Ms. Louis was taken to Kings County Hospital for swelling to her face and received pain medicine. Plaintiff also suffers from emotional injuries, in part because "I don't trust…the police officers because

they treated me as if I was a criminal and they did not do a full investigation. They cut me off during my explanation." *See id* at 52:22-24.

13. Defendant Spauldingbey admitted he told the police that he started the fight on plaintiff Oliver Lous: "Q: Did you tell the police in the precinct that you took the first strike on Oliver Lous? A: As he was coming towards me I did." Transcript of Defendant Frank Spauldingbey at 35:25-36:11 attached as **Exhibit 5**. He further admitted plaintiff was walking up the stairs and defendant was standing at the top of the stairs when defendant took the first punch. He further admitted to having enough time to take his hat and glasses off before punching plaintiff who did not start the fight or act aggressive. *Id* at 36.

14. Mr. Spauldingbey admitted that he "Punched her in her face," her being Ms. Wilson. *Id* at 37:8-11.

15. Defendant Spauldingbey admitted he was not injured in the incident and did not receive any medical treatment. *Id* at 31-32.

16. Mr. Spauldingbey testified that he was asked to engage in the behavior that day with the tenants by Danny Siony on behalf of Maccabee 1 Realty. *See id* at 23-24.

17. Maccabee 1 Realty is liable for the injuries sustained by plaintiffs as caused by Spauldingbey, the City of New York and Officer Tshering.

18. Police Officer Sherpa testified that when he arrived on scene the plaintiff Louis "Did have visible injuries on his face," and that in his experience as an officer it appeared he had been the victim of assault by Spauldingbey. Transcript of Tshering Sherpa at 23 attached as **Exhibit 6**. He believed Mr. Louis and sought to apprehend Mr. Spaulding bey. *See* id at 23:21-24:9. When Officer Sherpa brought Louis to the present "Oliver Louis was the victim…" *Id* at

29:10. However, Officer Sherpa was then ordered to arrest Oliver Louis for being "involved in a physical altercation." *Id* at 29:22-25.

19. Officer Sherpa testified that this was based on the statements made by Spauldingbey regarding the incident. *Id* at 32:11-20. However, the body camera footage confirms Spauldingbey's statements did not support an arrest of Mr. Louis. The fellow officer rule cannot apply as they did not use the actual statement of Spauldingbey, that he in fact started the fight in arresting plaintiff and either ignored the statement, accepted what they wanted or misrepresented it. Even still Officer Sherpa miraculously testified that "We wouldn't be able to make a judgment based on who threw the first punch," even though Mr. Spauldingbey admitted throwing the first punch on body worn camera. *See id* at 33:16-17. The body camera footage can be submitted to chambers upon request on disc/USB drive or whatever format the court prefers.

20. Officer Sherpa testified they jumped the gun in arresting Ms. Wilson before fully investigating: "We did reach out to the first 9-1-1- called on regards to this incident call. And upon approaching and interviewing her, the person did mention that…Shantel Wilson…wasn't involved physically." *Id* at 39:6-13. Body camera footage also showed an eyewitness on scene telling the officers not to arrest Ms. Wilson because she was not involved but she was ignored.

21. According to Officer Sherpa Mr. Spauldingbey "Was there for like – he was basically representing the landlord to get into that apartment." *See id* at 76:16-19.

22. Officer Sherpa testified that the police paperwork stating no prima facie case exists for the voided arrest of Ms. Wilson meant "There is nothing to hold her in account for." *See id* at 80:24-25.

23. Since this is not a case for a sum certain and the amount of damages must be proven by a fact finder, plaintiffs request that a hearing on damages against the defaulting defendant be held at the time of the jury trial as against the appearing defendants.

24. Plaintiff will also be requesting an attorney's fees and costs/disbursements award. Currently file costs are $3,743.60. The attorney fee request will be based upon time spent on this matter, which is currently approximately 75 hours of attorney time. At a reasonable rate of $400 per hour, the plaintiffs' anticipate as of this date to request $33,743.60 in attorney's fees and costs. This amount will increase by the time of hearing and time sheets and receipts will be provided. A reasonable estimate would be up to total of 175 hours of attorney time to bring this case to a conclusion and to a jury verdict rending a fair estimate of an attorney fee award at $70,000.

25. While there are economic damages to the plaintiffs in the form of medical bills and lost wages which may be computed, this is also not for a sum certain as plaintiffs are also requesting past and future medical expenses and lost wages which must be proven at a hearing. This is without exception or prejudice to the plaintiffs right to seek, recover and enter judgment on such damages, economic or otherwise and as to attorney's fees and costs as against the appearing parties.

26. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief, that the amount claimed is justly due to plaintiff, that no part thereof has been paid, and that the disbursements sought to be taxed have been made in this action or will necessarily be made or included in this action.

Executed on March 11, 2024



**CANER DEMIRAYAK**