UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OLIVER LOUIS, *et al.*,

                Plaintiffs,

      -against-

THE CITY OF NEW YORK, *et al.*,

                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22 CV 7690 (NCM) (CLP)

**POLLAK**, United States Magistrate Judge:  et al.,

On December 17, 2022, plaintiffs Oliver Louis and Shantel Wilson (together, "plaintiffs") commenced this action against the City of New York (the "City"), Police Officer Tshering Sherpa,[1] Shield No. 12950 ("Sherpa"), along with various John and Jane Doe Officers of the New York City Police Department, Frank E. Spaulding-Bey[2] ("Spaulding-Bey"), and Maccabee 1 Realty ("Maccabee"), alleging various claims, pursuant to 42 U.S.C. § 1983 and New York State common law,[3] arising from an altercation that occurred on or about May 1, 2022 between plaintiffs and Spaulding-Bey, while the latter was working in the course of his employment with Maccabee.  (Compl.[4] ¶¶ 1, 18-34).

---

[1] In the district court's Memorandum and Order, filed January 13, 2025 ("1/13/25 Order") (ECF No. 61), the court notes that while the Complaint identifies Officer Sherpa as Sherpa Tshering, the parties' papers indicate that the officer's name is Tshering Sherpa.  (Id. at 1, n.1).  Accordingly, this Court identifies Officer Sherpa by this name.

[2] The district court also notes that the Complaint spells defendant Spaulding-Bey's name without a hyphen but that he has indicated that there is a hyphen in his name.  (1/13/25 Order at 2, n.4).  Accordingly, this Court has spelled his name with a hyphen.

[3] In March 2024, plaintiffs voluntarily discontinued their claims for failure to intervene, supervisory liability, negligent hiring, negligence, and intentional infliction of emotion distress.  (1/13/25 Order at 7 (citing ECF No. 37)).  Thereafter, plaintiffs abandoned the malicious prosecution claims, leaving only claims for false arrest under federal and state law, as well as vicarious liability and municipal liability against the City.  (Id. at 8 (citing Pls.' City Opp'n at 16, n.1)).  In the district court's Memorandum and Order dated January 13, 2025, the court granted summary judgment, dismissing plaintiffs' Section 1983 false arrest claim against the City and the state and federal false arrest claims against defendant Spaulding-Bey, but denied defendants' motion with respect to the plaintiffs' state and federal false arrest claims against Officer Sherpa, plaintiffs' state false arrest claim against the City, and plaintiffs' assault and battery claims against Spaulding-Bey.  (Id. at 29).

[4] Citations to "Compl." refer to plaintiff's Complaint, filed on December 17, 2022 (ECF No. 1).

Currently pending before this Court is plaintiffs' motion for default judgment against defendant Maccabee. For the reasons set forth below, it is respectfully recommended that the plaintiffs' motion be denied at this time without prejudice to renew once the remaining claims against the other defendants are resolved.

## BACKGROUND

The facts underlying this controversy are set forth more fully in the district court's Memorandum and Order dated January 13, 2025, and incorporated by reference herein. For purposes of this Report, the Court recites only certain basic facts necessary to understand the relationship of the defaulting defendant Maccabee to the other defendants.

On May 1, 2022, plaintiffs allege that they became involved in a physical altercation with defendant Spaulding-Bey, who was the building manager of the apartment building where plaintiffs resided at the time. (1/13/25 Order at 2; Compl. ¶ 1). Plaintiffs allege that defendant Spalding-Bey was employed by or otherwise an agent of defendant Maccabee. (Compl. ¶ 15).

The Complaint alleges that on May 1, 2022, defendant Spaulding-Bey committed an assault and battery against the plaintiffs in the hallway/staircase of their residence in Brooklyn, New York. (Compl. ¶ 18). Plaintiffs allege that Spaulding-Bey hit plaintiff Louis and pushed plaintiff Wilson down the stairs. (1/13/25 Order at 2). When officers arrived, plaintiffs were placed under arrest despite having visible injuries, based on Spaulding-Bey's false report to the police that plaintiffs had assaulted him. (Compl. ¶¶ 16, 19). Upon interviewing a neighbor who witnessed the event, Wilson was released from custody and her arrest was voided. (1/13/25 Order at 6). Louis was issued a desk appearance ticket and ordered to appear in criminal court to face charges of assault with intent to cause physical injury. (Id.) Prior to his court date, the Kings County District Attorney issued a letter declining to prosecute. (Id. at 6-7). Defendant

2

Spaulding-Bey was subsequently arrested, charged with several offenses, and prosecuted by the District Attorney.  (Id. at 7).

Plaintiffs then commenced this action by filing the instant Complaint on December 17, 2022.  Service of the summons and Complaint was effectuated on defendant Maccabee on March 8, 2023.  (ECF No. 9).  Thereafter, when defendant failed to file an answer or otherwise respond to the Complaint, the Clerk of Court entered a default against defendant Maccabee on September 26, 2023.  (ECF No. 22).  On March 11, 2024, plaintiffs filed a Notice of Motion for Default Judgment (ECF No. 31), which was referred to the undersigned on March 15, 2024 to prepare a Report and Recommendation as to damages.  (Electronic Order, dated March 15, 2024).

As noted, the district court rendered a decision on the remaining defendants' motion for summary judgment on January 13, 2025, and ordered the parties to file a proposed joint pretrial order by February 13, 2025.  (ECF No. 61).

For the reasons set forth below, it is respectfully recommended that the district court DENY plaintiff's Motion for default judgment against defendant Maccabee without prejudice and with leave to renew once plaintiffs' claims against the remaining defendants have been resolved.

## DISCUSSION

Rule 55 sets forth a two-part procedure for entering a default judgment.  First, Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  The Clerk of Court enters a default by noting the defaulting party's failure to respond or appear.  Id.  Second, if the defaulting party then fails to vacate the entry of default pursuant to Rule 55(c), the

3

appearing party may seek a default judgment to establish liability and, if proven, damages.  Fed R. Civ. P. 55(b).

While the Second Circuit has recognized the pressure on district courts "to dispose of cases that . . . delay and clog [their] calendar[s]" due to the litigants' "disregard of the rules," the Circuit has instructed district courts to "maintain a balance between clearing [their] calendar[s] and affording litigants a reasonable chance to be heard."  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993); see also Jeremiah v. 5 Towns Jewish Times, Inc., No. 22 CV 5942, 2023 WL 6593997, at *2 (E.D.N.Y. Aug. 9, 2023), report and recommendation adopted, 2023 WL 5703698 (E.D.N.Y. Sept. 5, 2023).  Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored," and "doubt[s] should be resolved in favor of the defaulting party."  Enron Oil Corp. v. Diakuhara, 10 F.3d at 95–96; see also Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (stating that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").  Furthermore, "[Rule 55(b)] states that a judgment by default 'may' be entered under specified circumstances, not that it must."  Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. at 162.  Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because the defendant is in default.  Id.

Where, as here, a plaintiff seeks default judgment against only one of the defendants, the Court must consider whether entering default judgment would be premature.  See Bleecker v. Zetian Sys., Inc., No. 12 CV 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing Chloe v. Zarafshan, No. 06 CV 3140, 2009 WL 2956827, at *4 (S.D.N.Y. Sept. 15, 2009)).  Specifically, the Court must "expressly" determine that there is no reason to delay judgment against the defaulting parties until a later date.  Fed. R. Civ. P. 54(b).  There are no "fixed

criteria" guiding the application of this rule. Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010) (citing Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980)). Rather, "[t]he decision of whether to enter a final judgment against some but fewer than all of the parties in an action is left to the sound discretion of the district court." Abbott Lab'ys v. Adelphia Supply USA, No. 15 CV 5826, 2020 WL 7643213, at *2 (E.D.N.Y. Dec. 23, 2020) (citing Bleecker v. Zetian Sys., Inc., 2013 WL 5951162, at *6). However, "default judgment cannot be issued where the relief requested would prejudice actively litigating defendants." Knowles-Carter v. Feyonce, Inc., No. 16 CV 2532, 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017).

Here, plaintiffs seek the entry of a default judgment only against defendant Maccabee, based on an allegation that Maccabee, through its employee, agent, or contractor, Spaulding-Bey, "provided false and fabricated information to the New York City Police Department in order to procure the false arrests and malicious prosecutions" of the plaintiffs. (Demirayak Decl.[5] ¶ 3; Compl. ¶¶ 16, 19). Plaintiffs contend that defendant Maccabee is liable because it "employed or otherwise conspired with Frank Spaulding-Bey to harm plaintiffs." (Demirayak Decl. ¶ 8).

Aside from the question of whether the allegations in the Complaint against defendant Maccabee are sufficient to state a plausible claim for liability, there are numerous issues of fact and law relevant to determining whether to enter default judgment against Maccabee that are identical to those concerning the liability of defendant Spaulding-Bey. There are also common questions as to the appropriate damages award should the defendants be found liable. (See id. ¶ 25 (noting that there are economic damages to the plaintiffs in the form of medical bills and lost

---

[5] Citations to "Demirayak Decl." refer to the Declaration of Caner Demirayak in Support of Motion for a Default Judgment and Hearing on the Amount of Damages Pursuant to F.R.C.P. 55(b)(2), filed on March 11, 2024 (ECF No. 32).

wages, as well as damages stemming from the false arrest and time in custody)). Indeed, plaintiffs' requested damages in the pending Motion appear to be for the full amount to which they claim to be entitled for the assault and battery and false arrest from the other litigating defendants, along with attorney's fees and costs. (Id. ¶¶ 24, 25). Plaintiffs explicitly acknowledge the connection between the defaulting defendant and the litigating defendants by requesting that "a hearing on damages against the defaulting defendant be held at the time of the jury trial as against the appearing defendants." (Id. ¶ 23).

Thus, resolution of the Motion at this time would require this Court to opine and, in the case of damages, make findings of fact on the very issues that are to be tried before the district court. The Court therefore concludes that plaintiff's Motion is premature and should not be granted at this time, as doing so could very well prejudice the other defendants, all of whom have expended considerable time and effort to contest plaintiffs' allegations. See Century Sur. Co. v. Whispers Inn Lounge, Inc., No. 13 CV 9049, 2014 WL 8392302, at *1 (S.D.N.Y. Dec. 15, 2014) (denying default judgment without prejudice, where "[g]ranting [plaintiff's] requested relief and declaring that the underlying action is not covered. . . would, in effect, decide the case for [the co-defendant], even though it disputes [plaintiff's] claims"); Falls Lake Nat'l Ins. Co. v. Nexus Builders Corp., No. 21 CV 1403, 2022 WL 992714, at *5 (S.D.N.Y. Mar. 31, 2022).

## CONCLUSION

Considering the foregoing, the Court respectfully recommends that plaintiffs' Motion for default judgment against defendant Maccabee 1 Realty be denied without prejudice and with leave to renew[6] once plaintiffs' claims against the other defendants have been resolved and the risk of prejudice has been obviated.

---

[6] The Court notes that the current Motion for Default Judgment is deficient and would need to be supplemented in any event given that it lacks a Memorandum of Law "setting forth the cases and other authorities

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the district court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiffs are directed to promptly serve a copy of this Report and Recommendation on Maccabee 1 Realty promptly by certified mail, return receipt requested, and to provide the Court with proof of service immediately thereafter. The Clerk is directed to send copies of this Report and Recommendation to all other parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
January 25, 2025

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." Local Civ. R. 7.1(a)(2).

Courts in this Circuit have held that a moving party's failure to attach a memorandum of law and other supporting documents in accordance with Local Civil Rule 7.1 is sufficient grounds to deny a motion. Avillan v. Donahoe, No. 13 CV 509, 2015 WL 728169, at *6–7 (S.D.N.Y. Feb. 19, 2015) (explaining that the "failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion" (quoting Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co., No. 98 CV 5045, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000))); see also Agarwal v. United States, No. 14 CV 1873, 2015 WL 5638032, at *2, *4 (S.D.N.Y. July 20, 2015) (holding that default judgment motion was "procedurally defective" because movant failed to file a supporting memorandum of law, affidavit, and exhibits "containing any factual information . . . necessary for the decision of the motion, as required by the court's Local Civil Rules"), report and recommendation adopted 2015 WL 5794418 (S.D.N.Y. Oct. 5, 2015). While district courts retain broad discretion to excuse or overlook a party's failure to comply with the local rules, they typically will not do so unless the "interests of justice" support that approach. Cea v. Access 23 TV, No. 11 CV 3791, 2015 WL 5474070, at *3 (S.D.N.Y. Sept. 15, 2015); see also Cardoza v. Mango King Farmers Mkt. Corp., No. 14 CV 3314, 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015) (explaining that a court "may deny [a] motion" for failure to comply with local filing rules but "is not required to do so"), report and recommendation adopted, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015).

Plaintiffs are cautioned that if the district court adopts this Report and Recommendation and denies their Motion with leave to renew, they should ensure that their new motion adheres to Local Civil Rule 7.1(a).